[NOT FOR PUBLICATION]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
6/5/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x

CHRISTOPHER WALKER,                    :

        Plaintiff,             :        12 Civ. 0432 (LTS) (AJP)

    -against-                          :        **REPORT AND RECOMMENDATION**

LINKLATERS LLP,                        :

        Defendant.             :

----------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Laura Taylor Swain, United States District Judge:**

        Plaintiff's complaint in this action was filed on January 18, 2012. (Dkt. No. 1: Compl.)

        Rule 4(m) of the Federal Rules of Civil Procedure provides:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend he time for service, for an appropriate period. . . .

By Order dated January 30, 2012, I advised plaintiff that if the complaint was not properly served within 120 days under Rule 4(m), the action would be dismissed. (Dkt. No. 3: 1/30/12 Order.) I also directed plaintiff to provide my chambers with a courtesy copy of the proof of service. (Id.)[1]

---

[1]    The January 30, 2012 Order was sent to plaintiff by both regular and certified mail. The
(continued...)

Plaintiff has not provided my chambers with proof of service on defendants, and a review of the Court's docket sheet for this action discloses that there is no affidavit of service on file with the Clerk's Office. The United States Marshal's Office has informed my chambers that they have not received the necessary papers from plaintiff for service.

More than 120 days having passed from the filing of the complaint, and the Court having advised plaintiff of his obligations under Fed. R. Civ. P. 4(m), and plaintiff's time to serve having expired with no action by plaintiff, and there being no indication that plaintiff has had the complaint served on defendants, I recommend that the Court dismiss plaintiff's complaint without prejudice for failure to timely serve it pursuant to Fed. R. Civ. P. 4(m). See, e.g., Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Swain (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-

---

1/   (...continued)
regular mail was not returned; the certified mail copy was returned with a Post Office label that it was "not deliverable as addressed/unable to forward."

3

CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   New York, New York
         June 5, 2012

Respectfully submitted,

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   Christopher Walker (Regular & Certified Mail)
             Judge Laura Taylor Swain