UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHRISTOPHER WALKER,

        Plaintiff,

  -v-                                         No.  12 Civ. 0432 (LTS)(AJP)

LINKLATERS LLP,

        Defendant.
-------------------------------------------------------x

## MEMORANDUM ORDER

Christopher Walker ("Plaintiff") brings this action against his former employer, the law firm, Linklaters LLP ("Defendant" or "Linklaters"), under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.("Title VII").  Plaintiff, who is African American, asserts race-based discrimination claims, alleging unequal terms and conditions of his employment, failure to promote and unlawful termination.  The Court has jurisdiction of this matter pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.  Defendant moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff did not meet the statutory prerequisite for bringing his Complaint in this Court as he did not file a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission (the "EEOC") within 300 days of the alleged unlawful discrimination by the Defendant.  The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Defendant's motion is denied.

## BACKGROUND

In August of 2006, Plaintiff began working as a document technician for the Defendant, a position that he held until February of 2007.  (Compl. at 5.)  Plaintiff alleges that

the Defendant never made any effort to promote him even though he performed both his own duties and the duties of the shift's vacant Team Leader position from the end of October of 2007, until February of 2009.  (Id.)  Plaintiff contends that he "was repeatedly imposed upon (and at one time, even bullied)" into executing all the duties of both positions, and that he was never compensated for these additional responsibilities.  (Id. at 6.)  Plaintiff further alleges that he saw a Caucasian employee promoted to his shift's Team Leader position, shortly after he was hired, while Plaintiff was continually denied a promotion to that position for his shift.  (Id. at 9.)  Moreover, according to the Plaintiff, his "Caucasian Supervisor, Ms. Helen Kitson, along with the blind support of the department's Caucasian Director, Mr. Jonathan Lace, insistently harassed and humiliated [Plaintiff]."  (Id. at 10.)

Plaintiff further alleges that he was denied raises and bonuses commensurate to those that were afforded to non-African American employees of the same or similar position and that Caucasian employees generally received better treatment than African American employees.  (Id. at 6, 10-11.)  Plaintiff contends that his supervisor, with the support of the manager, systematically gave the Plaintiff negative mid and end-of-year evaluations in order to "devalue his work product " and "that such depiction was instrumental in placing [him] at a disadvantage in the firm's rehiring process that occurred during [its] Reduction in Force."  (Id. at 6, 10.)  When Plaintiff had to reapply for his position as part of Defendant's "staff reduction" policy, he was informed that, due to his employment record, which Plaintiff alleges consisted primarily of these evaluations by his supervisor, Plaintiff's application was denied.  (Id. at 6.)  Plaintiff asserts that his employment was terminated on February 28, 2009. (Id.)  In a letter, dated February 17, 2009, which was sent to Plaintiff, Defendant stated that Plaintiff had been terminated, and Plaintiff confirmed his understanding that he had been terminated in an email,

dated February 23, 2009. (Mahoney Aff., Ex. A and B.)[1]

On December 23, 2009, Plaintiff filed a Charge with the EEOC. As this Charge was not timely filed within the 300-day period,[2] the EEOC dismissed the Charge stating that the "charge was not timely filed with EEOC; in other words, [he] waited too long after the date(s) of the alleged discrimination to file his charge." (Compl. at 3 and 7; "EEOC Dismissal and Notice of Rights"). If February 17, 2009, is taken as the day that Plaintiff was informed of his termination, as Defendant contends, Plaintiff's EEOC Charge was filed 9 days late, 309 days after February 17, 2009, and if February 23, 2009, is taken as the day that Plaintiff was informed of his termination, Plaintiff filed his EEOC Charge three days late, or 303 days after February 23, 2009. Plaintiff filed his Complaint with this Court on January 18, 2012.

In his Affirmation in response to Defendant's motion to dismiss, Plaintiff explains his confusion over when he needed to file the EEOC Charge. According to Plaintiff, in the Spring of 2009, he called the EEOC and spoke with a representative regarding specific acts of discrimination and the representative told him that he had no claim, however, Plaintiff called again, a week later, and the second representative informed him that he had a claim. (Plaintiff Aff. in Opp. to Mot. to Dismiss at 2-3.) Plaintiff asserts that he made an appointment to meet

---

[1] The Court accepts these documents because they confirm the date of events referenced in the Complaint; are integral to Plaintiff's claims of discrimination, and the Plaintiff had knowledge of them. See Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (on a motion to dismiss, court may consider as part of the complaint "documents plaintiffs had either in [their] possession or had knowledge of and upon which they relied in bringing suit"); BLT Restaurant Group LLC v. Tourondel, 855 F. Supp. 2d 4, 15 (S.D.N.Y. 2012) (when assessing a motion to dismiss, court may review "any documents that are 'integral' to the plaintiff's allegations even if not explicitly incorporated by reference") (citation omitted).

[2] The applicable time period was 300 and not 180 days because Plaintiff appears to have also filed a charge with the New York State Division of Human Rights. (Compl. at 5); See 42 U.S.C. § 2000e-5(e)(1) (establishing the applicable time limits).

with an EEOC Investigator, Ms. Mulligan, for a formal intake session and completed all of the necessary information, but was told that, due to staffing issues, the agency's "actions may take time." (Id. at 2.) In September of 2009, Ms. Mulligan told the Plaintiff that he needed to sign a draft of his Charge that she had prepared. (Id.) Plaintiff avers that he was shocked that the Charge had not already been completed. (Id.) When Plaintiff saw the Charge, he thought that it was still lacking in information and details, so Plaintiff worked on completing the draft and he states that Ms. Mulligan called him twice to remind him that he needed to sign the Charge. (Id.) Plaintiff alleges that Ms. Mulligan told him that, from Plaintiff's last day of employment of February 27, 2009, (which was when the Plaintiff thought that he had been terminated), December 23, 2009, was the last possible day to submit a Charge. (Id.) Plaintiff contends that he struggled with emotional and practical problems to meet that deadline, and submitted his Charge on this date. (Id.)

Plaintiff also contends that he did not have a firm understanding that he was terminated on February 17, 2009, and has provided the longer email chain from the email that Defendant cites in its motion to dismiss, which shows that Plaintiff attempted to clarify his termination date and was told by the Defendant, "[d]on't worry about the dates you can just sign the paperwork." (Id. at 5).

DISCUSSION

"In New York, the statute of limitations for filing a charge with the EEOC is 300 days." Odom v. Doar, 497 F. App'x 88, 89 (2d Cir. 2012). "A plaintiff claiming employment discrimination pursuant to Title VII . . . must pursue administrative procedures [i.e. by filing a charge of discrimination with the EEOC] before commencing a lawsuit." Gemmill v. Westchester Jewish Ctr., No. 11 Civ. 4821(VB), 2011 WL 7095430, at *3 (S.D.N.Y. Dec. 30,

2011) (citation omitted).  Timeliness is measured from the date that the employee receives notice of the discriminatory decision.  Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996).  "The 300-day period, in the case of a discriminatory discharge, starts running on the date when the employee receives a definite notice of the termination, not upon his discharge." Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985).

Failure to file a charge with the EEOC constitutes an "affirmative defense to claims under [Title VII]."  Rodriguez v. N.Y.C. Dept. of Transp., No. 11 Civ. 3056(NGG)(VVP), 2012 WL 4447101, at * 2 (E.D.N.Y. Sept. 25, 2012).  It is a "requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  However, "[e]quitable tolling of the 300-day statutory deadline is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."  Gemmill, 2012 WL 1871590, at *2 (internal quotation marks and citation omitted).  "Equitable tolling is also proper where the plaintiff (1) has acted with reasonable diligence during the time period [the plaintiff] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."  Falso v. Gates Chili Cent. School Dist., 408 F. App'x 494, 496 (2d Cir. 2011) (internal quotation marks and citation omitted).

Here, Defendant argues that the Court should not grant Plaintiff the benefit of equitable tolling because Plaintiff had the Charge form in hand for nearly four months before he filed it in an untimely fashion.  (Def. Reply in Supp. of Mot. Dismiss at 5.)  However, Plaintiff commenced his contact with the EEOC within a couple of months after his termination, and was in frequent contact with the EEOC thereafter.  According to the Plaintiff, he was operating under the assumption that the deadline for filing, with which he complied, was December 23, 2009.

Plaintiff alleges that he was misled by EEOC personnel as to the deadline for filing his claim, and also asserts that his delay until the date he understood to be the deadline for returning the signed draft form was due to emotional and practical difficulties.

It is also unclear from the record before the Court as to when Plaintiff was informed of his termination. Plaintiff has proffered a sufficient factual basis demonstrating that he exercised reasonable diligence and that the circumstances were extraordinary, in light of the confusion regarding the termination date and the EEOC's advice concerning the deadline.

The Court, therefore, does not find that the affirmative defense of late filing warrants dismissing Plaintiff's claim at this stage of the proceedings, insofar as Plaintiff's claim relates to his termination. See Simmons v. Local Union 1199/SEIU-AFL-CIO, 57 F. App'x 16, 19 (2d Cir. 2002) (vacating and remanding a case for the district court to consider, inter alia, whether the plaintiff was misled by personnel at the New York City Commission on Human Rights "with respect to filing an EOC Charge"). Plaintiff's claims relating to discrete acts of alleged discrimination (e.g., failure to promote) that took place prior to his termination are, however, untimely. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002).

Plaintiff is strictly responsible for meeting all procedural requirements on a timely basis going forward in this litigation.

## CONCLUSION

Defendant's motion to dismiss is denied. This Memorandum Order resolves docket entry number 14. Defendant is directed to answer the Complaint and the matter will be

referred to Magistrate Judge Peck for general pre-trial management, including settlement discussions.

    SO ORDERED.

Dated: New York, New York
   June 11, 2013

                 /S
               LAURA TAYLOR SWAIN
               United States District Judge

Copy mailed to:

Christopher Walker
361 Vermont Ave #C
Irvington, NJ 07111