09/10/2013 12:55 FAX




**FOLEY**
FOLEY & LARDNER LLP

RECEIVED
SEP 10 2013
CHAMBERS OF
ANDREW J. PECK

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

CLIENT/MATTER NUMBER
075003-0102

September 10, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/10/13

**Via Facsimile and E-Mail**

Honorable Andrew Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**
- ATTACHED

Re: *Walker v. Linklaters LLP*, Civil Action Number 12-cv- 0432 (LTS) (AJP)

Dear Judge Peck:

We are counsel to defendant Linklaters LLP ("Linklaters") in the above-captioned case and are writing to request the Court's assistance in resolving certain urgent discovery issues. Linklaters has attempted to meet and confer with Plaintiff Christopher Walker, but has been unable to resolve the matters described below.

On August 2, 2013, we served Mr. Walker with interrogatories and a request for documents. Via an email on September 2, 2013, Mr. Walker delivered to us formal responses and objections to our discovery demands and included a link to an electronic database that purportedly contained documents responsive to our requests. Mr. Walker sent no documents in hard copy form or as attachments to his September 2 email. When we attempted to access the electronic documents through Mr. Walker's file transfer site (transferbigfiles.com), it became clear that almost every file was either corrupt or missing. The next day, September 3, we notified Mr. Walker that the files were not accessible and requested that Plaintiff deliver the documents in accessible form (a copy of our September 3 email is attached as Exhibit A). Mr. Walker did not respond to our September 3 email, so we followed up with phone calls to Mr. Walker on September 4 and September 6. During these phone calls, Mr. Walker represented that he would find an alternative method for delivery of the documents to us, but did not commit to producing the documents. We explained that it was critical that Mr. Walker deliver the documents ahead of his deposition, which was originally scheduled for September 9 (but which we agreed to move to September 11, tomorrow, to accommodate Mr. Walker's schedule, and in view of his failure to produce the documents). As of today, Tuesday, September 10, 2013, we have not received any documents from Mr. Walker, or been able to extricate any materials from the electronic database (save several pages of notes and internet material that appear to have been created by Mr. Walker in response to our formal discovery demands).

BOSTON          JACKSONVILLE     MILWAUKEE       SAN DIEGO            SILICON VALLEY
BRUSSELS        LOS ANGELES      NEW YORK        SAN DIEGO/DEL MAR    TALLAHASSEE
CHICAGO         MADISON          ORLANDO         SAN FRANCISCO        TAMPA
DETROIT         MIAMI            SACRAMENTO      SHANGHAI             TOKYO
                                                                      WASHINGTON, D.C.

4848-1132-9301.2

09/10/2013 12:55 FAX              ☐0002/0010



**FOLEY**

FOLEY & LARDNER LLP

Honorable Andrew Peck
September 10, 2013
Page 2

      On Friday, September 6, we sent Mr. Walker a letter formally requesting a meet and confer to discuss the production of the documents as well as several other deficiencies in the Plaintiff's discovery responses, including his assertion that his written communications with former Linklaters employees are not discoverable based on "privilege." (A copy of our September 6 letter is attached as Exhibit B). Plaintiff did not respond to the letter or our follow up phone calls and emails of September 9.

      Mr. Walker's refusal to meet and confer or commit to the production of the documents has seriously prejudiced our ability to prepare for Mr. Walker's already delayed deposition which is scheduled for tomorrow, September 11. While we are prepared to move forward with the deposition as scheduled, Mr. Walker's failure to produce the documents ahead of the deposition means that Linklaters will undoubtedly incur the additional expense of having to resume and retake Mr. Walker's deposition at some later date, after his documents are produced to us. While we are not opposed to delaying the start Mr. Walker's deposition until such time as the documents are produced completely, we are constrained by the discovery deadline (September 30) currently set by the Court. Mr. Walker claims that he is not available again for a deposition until September 23. We also anticipate that his deposition will produce information that will prompt us to take some limited non-party discovery. Given the current deadline, if Mr. Walker's deposition is not complete until September 23, we will be left with only seven days to complete any additional discovery (including non-party discovery) that may be necessary in light of his testimony.

      Under the circumstances, we respectfully request that the Court intervene and consider (i) extending the discovery deadline by 30-45 days so that Linklaters is not prejudiced by Plaintiff's failure to meet discovery deadlines; (ii) directing Mr. Walker to produce all responsive documents in accessible form before Monday, September 16, including all materials and items addressed in our September 6 letter (*see* Ex. B), and appear for his deposition on Monday, September 23; and/or (iv) granting such other and further relief as the Court deems just and proper.

                                                               Respectfully submitted,

                                                               Sara P. Madayo

cc:    Christopher Walker
       Jonathan Israel

4848-1132-9301.2

# Exhibit A

## Madavo, Sara P.

**From:** Madavo, Sara P.
**Sent:** Tuesday, September 03, 2013 5:21 PM
**To:** 'Christopher Walker'
**Cc:** Israel, Jonathan L. (Jon)
**Subject:** RE: Discovery Requests

Chris,

While we are still going through your responses to our discovery requests (and believe that there are significant deficiencies that also will need to be addressed), of immediate concern is the fact that the majority of the documents that you provided to us through "transferbigfiles.com" are missing or corrupt. For example, there are no documents in the folder labeled "EEOC Communications" and many of the documents (e.g., "Draft Memo to HR") are corrupt. Your failure to provide accessible documents, and your refusal to confirm your availability next week for your noticed deposition, are seriously and prejudicially impacting our ability to plan and prepare a defense in this case. It is critical that you deliver to us all the requested documents in an accessible form as soon as possible. Please tell us when we can expect to receive the requested documents and which day you intend to appear for your deposition. I suggest that we speak by telephone to discuss. I am available this evening or any time tomorrow (and would gladly set a time that is convenient for you).

Sara

**Sara Madavo**
**Foley & Lardner LLP**
**90 Park Avenue**
**New York, NY 10016**
Phone: 212.338.3582
Fax: 212.687.2329

---

**From:** Christopher Walker [mailto:chriswalkernj@comcast.net]
**Sent:** Monday, September 02, 2013 12:49 PM
**To:** Madavo, Sara P.
**Cc:** Israel, Jonathan L. (Jon)
**Subject:** Re: Discovery Requests

Please see the attached documents. And, please download the associated file from this link: http://tbf.me/a/MCSSR. There will be no physical copies sent via mail carrier. These emailed copies are the only copies that will be served.

On Aug 05, 13, at 04:25PM, SMadavo@foley.com wrote:

Dear Chris,

1

Attached are courtesy copies of the discovery requests that you received via FedEx on Friday, August 2.

Regards,
Sara

Sara Madavo
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
Phone: 212.338.3582
Fax: 212.687.2329

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein. <Interrogatories.pdf><DocumentRequests.pdf>

# Exhibit B



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

CLIENT/MATTER NUMBER
105003-0102

September 6, 2013

<u>Via E-Mail And FedEx</u>

Christopher Walker
361 Vermont Avenue Apt. C
Irvington, NJ 07111

      Re: *Walker v. Linklaters LLP*, Civil Action Number 12-cv- 0432 (LTS) (AJP)

Dear Mr. Walker,

      I write on behalf of Defendant, Linklaters LLP ("Linklaters" or "Defendant") to address certain deficiencies with respect to your discovery responses in the above-referenced matter. At the outset, Linklaters expressly reserves all rights with respect to any past, present or future issues that might be raised in connection with discovery in this case. This correspondence is targeted to those issues that Linklaters considers to be ripe at the current phase of discovery, and the failure to raise any issue or objection herein shall not constitute a waiver of the right to raise such issue or objection at a later time.

    A.    <u>Plaintiff's Response to Defense's First Request for the Production of Documents, Electronically Stored Information and Tangible Things</u>

      1.    Plaintiff's responses to Defendant's requests are deficient to the extent that they rely on documents that do not exist or have not been produced. As of September 6, 2013, Plaintiff has failed to produce documents in accessible form in response to the Defendant's requests. Defendant has made repeated requests for Plaintiff to remedy this deficiency by delivering the documents in accessible form. Defendant again requests that Plaintiff deliver to Defendant all the requested documents in accessible form as soon as possible.

      2.    In response to all of the Defendant's requests, Plaintiff states that he "only possesses electronically stored information with nothing in tangible form." However, in response to Request 41, Plaintiff claims that he has in his possession an envelope from the EEOC which was allegedly postmarked October 14, 2011. This envelope is a responsive hard copy document in Plaintiff's possession. Additionally, on August 26, 2013, Plaintiff produced a scanned copy of a hard copy letter from the Social Security Administration. The Social Security document is another example of a responsive hard copy document in Plaintiff's possession. Accordingly, Defendant requests that the Plaintiff search all of his

BOSTON   JACKSONVILLE   MILWAUKEE   SAN DIEGO   SILICON VALLEY
BRUSSELS   LOS ANGELES   NEW YORK   SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO   MADISON   ORLANDO   SAN FRANCISCO   TAMPA
DETROIT   MIAMI   SACRAMENTO   SHANGHAI   TOKYO
                                                                                                          WASHINGTON, D.C.

4832-3695-2341.2

**▪FOLEY**

FOLEY & LARDNER LLP

Christopher Walker

September 6, 2013
Page 2

        hard copy files and produce all responsive hard copy documents in his possession, including but not limited to the envelope that was allegedly postmarked October 14, 2011 from the EEOC.

3. *Document Request 6.* In response to Request 7, Plaintiff states that all communications between Plaintiff and his potential witnesses are privileged. However, Plaintiff fails to identify any privilege that exists to protect communications between Defendant and a third-party. Accordingly, Defendant requests that Plaintiff remedy this deficiency by producing all correspondence with third-party witnesses, including without limitation, Michele Whitfield (referenced in Plaintiff's response to Request 21).

4. *Document Request 7.* In response to Request 6, Plaintiff states that all communications between Plaintiff and his potential witnesses, Faye Maddsion-Mateen or Celvia Jones, are privileged. However, Plaintiff fails to identify any privilege that exists to protect communications between Defendant and a third-party. Accordingly, Defendant requests that Plaintiff remedy this deficiency by producing all correspondence with Ms. Maddison-Matteen and/or Ms. Jones.

5. *Document Requests 37, 38, 39, and 40.* In response to Requests 37, 38, 39 and 40, Plaintiff states that documentation regarding Plaintiff's employment with or work for Other Employers is not relevant to this case. The documents requested are relevant to, among other things, Plaintiff's qualifications for his position with Defendant, the calculation of Plaintiff's alleged damages, and efforts by the Plaintiff to mitigate any alleged damages. Accordingly, Defendant requests that Plaintiff remedy this deficiency by producing all documents responsive to Requests 37-40.

6. *Document Requests 41 and 44.* In response to Requests 41 and 44, Plaintiff states that he is not required to produce any medical records in his possession in accordance with the Court's instructions on August 18, 2013. The Court determined that Plaintiff was not required to provide a signed consent form for the release of medical records from his Medical Practitioners. As Plaintiff has conceded, his alleged disability is not relevant to any issues concerning the Notice of Right to Sue. However, his alleged disability is relevant with respect to issues concerning Plaintiff's alleged damages and efforts to mitigate. Accordingly, Defendant requests that Plaintiff immediately produce all records in his possession relating to his alleged disability, including, without limitation, all medical records and applications for benefits submitted to the SSD or any other public assistance agency.

7. *Document Request 43.* In response to Request 43, Plaintiff produced one page of an "SSD Award Letter." This document is not sufficient to show the date Plaintiff was deemed disabled or the date that Plaintiff began receiving disability payments.

4832-3695-2341.2


FOLEY & LARDNER LLP

Christopher Walker

September 6, 2013
Page 3

According to Judge Peck's instructions, Plaintiff must produce documentation of the date that he became disabled and the date that he began receiving disability benefits. *See* Status Conference Transcript 8:17-9:5. Accordingly, Defendant requests that Plaintiff provides a complete copy of the "SSD Award Letter" and documentation that shows the date that Plaintiff became disabled and the date when Plaintiff received his first disability payment.

8. *Document Request 45.* In response to Request 45, Plaintiff states that he "no longer possesses any verifiable documentation of public assistance agency visits." Plaintiff, as a party to this litigation, has an obligation to preserve any and all documents that may be relevant to the action. If documents responsive to Request 45 have been destroyed, Plaintiff must identify each document in accordance with the guidelines set forth in Instruction 6 of Defendant's First Request for the Production of Documents, Electronically Stored Information and Tangible Things.

9. *Document Request 51.* In response to Request 51, Plaintiff states that "tax related documentation pertaining to Plaintiff is not relevant to this case." Plaintiff's tax information is relevant to, among other things, Plaintiff's alleged damages and his efforts to mitigate. Defendant requests that Plaintiff produce all tax returns for the calendar years 2009 through 2012.

10. *Document Request 52.* In response to Request 52, Plaintiff states that records from his banking or other financial accounts are not relevant. However, such information, including as it relates to income, is relevant to, among other things, Plaintiff's alleged damages and his efforts to mitigate. Defendant requests that Plaintiff produce all such financial records, including detailed deposit information, from January 1, 2009 through the present.

11. *Document Request 55.* In response to Request 55, Plaintiff states that his main digital calendar purges all entries older than two years. As explained above Plaintiff has an ongoing obligation to preserve any and all documents that may be relevant to this action. Plaintiff must identify each relevant document that has been destroyed in accordance with the guidelines set forth in Instruction 6 of Defendant's First Request for the Production of Documents, Electronically Stored Information and Tangible Things. Furthermore, Defendant requests that Plaintiff produce the entire calendar for all relevant time periods not destroyed (*e.g.*, from September 6, 2011 through present) and changes the setting on his calendar to preserve the remaining data.

12. *Document Request 57.* In response to Request 57, Plaintiff states that his telephone records are not relevant. However, such information, including as it relates to his activities and income, is relevant to, among other things, Plaintiff's alleged damages and



FOLEY & LARDNER LLP

Christopher Walker

September 6, 2013
Page 4

his efforts to mitigate. Defendant requests that Plaintiff produce all such phone records from January 1, 2009 through the present.

B.   Plaintiff's Response to Defendant's First Set of Interrogatories

Plaintiff's interrogatory responses are deficient to the extent they rely on documents that are non-responsive or not produced and/or rely on objections improperly interposed in Plaintiff's response to Defendant's request for documents, *see, e.g.,* responses to Interrogatory Nos. 3, 4, 5, 6, 7, and 8. Accordingly, Defendant requests that Plaintiff remedy these deficiencies.

C.   Cross Notice of Deposition

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, a party who wants to depose a person by oral questions must give reasonable written notice. Defendant received a "Cross Notice of Deposition" from Plaintiff on September 2, 2013 allegedly noticing the depositions of Nelly Munoz and Audra Johnson-Davis for Monday, September 9, 2013. Defendants' object to the Notice on multiple, independent grounds:

1.   Neither of the individuals are parties, and thus are not subject to deposition by notice.

2.   Seven days notice is not reasonable for the appearance of the noticed individuals (no less, on a date – September 9 – when Plaintiff himself previously said that he was unavailable to appear for his deposition, which was noticed on July 19).

3.   The notice purports to require Defendant to bear all costs for Plaintiff's depositions of the noticed individuals. Defendant is not obligated to bear any costs for any depositions that Plaintiff will take in this case.

We would like to schedule a telephone call with you as soon as possible to see if we might resolve the above issues and, if necessary, bring them to the attention of Magistrate Judge Peck.

Sincerely,

Sara P. Madavo

4832-3695-2341.2

**MEMO ENDORSED ORDER, 12 civ.0432 (LTS)(AJP)**

Mr. Walker must promptly make copies of the documents, previously produced via a website, but claimed by defense counsel to be corrupted or missing, electronically available to defense counsel by producing on a thumb drive, CD or other reasonable electronic means.

The Walker depo. Will go forward as scheduled on 9/11; defendant may conclude the depo. Later in the month after Walker produces the above electronically stored information.

The parties shall try to work out the other issues raised in Ex. B to the Madavo letter. The Court will rule on any remaining such issues (and any issues re extending the discovery cutoff) at the existing 9/16 conference. Defense counsel shall bring copies of the discovery requests and response to that conference.

Dated: New York, NY
      Sept. 10, 2013

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy: Walker (mail & email)
      Madavo (fax & ECF)
      Judge Swain